UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE MORRISON,<br><br>Plaintiff,<br><br>v.<br><br>E. VIERRA,<br><br>Defendant. | No. 2:19-cv-0284 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, the court will dismiss the first amended complaint with leave to file a second amended complaint.

**BACKGROUND**

Plaintiff alleges conduct by defendant which occurred at California State Prison-Solano ("CSP-Solano") from 2013 to 2018. In his original complaint, filed here in February 2019, plaintiff alleged defendant discriminated against him by refusing to hire him despite plaintiff's placement on the waitlist for a PIA (Prison Industry Authority) job in 2013. On screening, the court found plaintiff failed to state a cognizable claim under § 1983. (ECF No. 5.) Plaintiff was given thirty days to file an amended complaint. On March 6, 2019, plaintiff filed his first amended complaint. (ECF No. 10.)

1

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff states that defendant Vierra is the manager of the PIA laundry at CSP-Solano. Vierra is responsible for hiring prisoners to work in the laundry. Plaintiff filed an application to work there in 2013. However, for six years, plaintiff saw many other inmates get hired "who were similarly situated." Plaintiff contends Vierra discriminated against him. He seeks back pay for 72 months. (ECF No. 10.)

**II. Does Plaintiff State a Cognizable Claim?**

In the court's prior screening order, plaintiff was informed of the standards to state an equal protection claim. In particular, plaintiff was advised that he must show either: (1) that defendant acted with the intent and purpose to discriminate against him based upon membership in a protected class, or (2) that defendant purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. See Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008); Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).

Plaintiff does not allege that he is a member of a protected class. Rather, he appears to be attempting to meet the second basis for an equal protection claim. Plaintiff states summarily that he was treated differently than "similarly situated" inmates. That conclusory allegation is

2

insufficient. In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim, plaintiff must articulate who he is similarly situated to and how they are similar in order for disparate treatment to equate to a violation of his rights to equal protection. See McCollum v. Calif. Dept. of Corrs. and Rehab., 647 F.3d 870, 880–81 (9th Cir.2011) (citing Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir.2003)).

Plaintiff fails to allege any facts showing that he was, in fact, similarly situated to those inmates who were hired in the laundry before he was. For that reason, plaintiff's complaint will be dismissed. Plaintiff will be given one final opportunity to amend his complaint to attempt to state an equal protection claim.

## FILING AN AMENDED COMPLAINT

If plaintiff wishes to continue with this action, he must file an amended complaint that addresses the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify the defendant and the action defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendant has fair notice of the claim plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 10) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Plaintiff's failure to file a second amended complaint within the time provided, or otherwise respond to this order, will result in dismissal of this case.

////

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: March 18, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/morr0284.FAC scrn lta