UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE MORRISON, | No. 2:19-cv-0284 JAM DB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| E. VIERRA, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, the court will recommend dismissal of this action.

**BACKGROUND**

Plaintiff alleges conduct by defendant which occurred at California State Prison-Solano ("CSP-Solano") from 2013 to 2018. Plaintiff alleges defendant discriminated against him by refusing to hire him despite plaintiff's placement on the waitlist for a PIA (Prison Industry Authority) job in 2013. Plaintiff contends that similarly situated prisoners who were placed on the waitlist after he was were hired before him. Defendant did hire plaintiff for the PIA job in 2018. For relief, plaintiff seeks backpay. (ECF No. 12.)

////

////

1

# SCREENING

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## DOES PLAINTIFF STATE A COGNIZABLE CLAIM?

In the court's prior screening orders, plaintiff was informed of the standards to state an equal protection claim. (See ECF Nos. 5, 11.) In particular, plaintiff was advised that he must show either: (1) that defendant acted with the intent and purpose to discriminate against him based upon membership in a protected class, or (2) that defendant purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment.

Plaintiff does not allege that he is a member of a protected class. Rather, he appears to be attempting to meet the second basis for an equal protection claim - that he is a "class of one" who has been subject to disparate treatment compared to other inmates. Plaintiff contends, with more specificity than he has previously provided, that he was treated differently than "similarly situated" inmates.

While the court recognizes that it previously permitted plaintiff to attempt to allege a class-of-one equal protection claim, more recent research has revealed that plaintiff's claim, even if adequately plead, is not cognizable under 42 U.S.C. § 1983. The Supreme Court has held that the class-of-one theory under the equal protection clause does not apply to public employment. Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 606-07 (2008) ("State employers cannot, of course, take personnel actions that would independently violate the Constitution. But recognition

of a class-of-one theory of equal protection in the public employment context—that is, a claim that the State treated an employee differently from others for a bad reason, or for no reason at all—is simply contrary to the concept of at-will employment. The Constitution does not require repudiating that familiar doctrine."). Courts in this district have applied Engquist in the context of prison inmate jobs. See Weathers v. Hagemeister-May, No. 1:13-cv-1932 AWI MJS, 2015 WL 1956433, at *5 (E.D. Cal. Apr. 29, 2015), aff'd, 663 F. App'x 547 (9th Cir. 2016); Prater v. Romero, No. 2:12-cv-2632 KJN P, 2012 WL 5906891, at *2, n. 1 (E.D. Cal. Nov. 26, 2012); Davis v. Villagrana, No. 1:09-cv-1897 AWI SMS, 2011 WL 318328, at *3 (E.D. Cal. Feb. 1, 2011), rep. and reco. adopted, 2011 WL 2447968 (E.D. Cal. June 20, 2011).

While the Court in Engquist considered the termination of a prisoner employee, this court can find no reason why its holding should not apply equally to hiring decisions. See Alexander v. Lopac, No. 11 C 50012, 2011 WL 832248, at *2 (N.D. Ill. Mar. 3, 2011) (applying Engquist to prison's failure to hire inmate). In fact, the Court in Engquist mentioned hiring decisions as the sort of employment decisions to which its rule would necessarily apply. 553 U.S. at 608. Defendant's failure to hire plaintiff sooner was a personnel decision. Plaintiff may not seek to constitutionalize what is an employee grievance simply because the employer is the government. Id. at 607-09.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

////

////

3

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 24, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/morr0284.SAC scrn fr